31429. CITY OF TRENTON *et al. v.* DADE COUNTY *et al.*

DECIDED JUNE 24, 1947.

*Shaw & Shaw,* for plaintiffs in error.

*J. H. Paschall, Solicitor-General, Gleason & Painter,* contra.

MacINTYRE, P. J. Dade County, by resolution of the ordinary, acting under the provisions of the Revenue-Certificate Law (Ga. L. 1937, page 761) created a water district, to be known as the Dade County Water District, and included in said district a large area in Dade County, including all of the territory within the corporate limits of the City of Trenton. The resolution also provided for the issue of $160,000 of revenue anticipation certificates to finance the cost of construction of a water distribution system for said water district.

In due course, the solicitor-general filed in Dade Superior Court a petition to validate said certificates to be issued in accordance with the aforesaid resolution.

The City of Trenton, acting through its mayor and council and A. L. Dyer, E. A. Ellis, J. H. Wilkins, John Reeves and M. B. Bise, individually and as citizens and taxpayers of the City of Trenton, intervened in the validation proceedings and objected to the validation of said certificates.

The plaintiff in error, City of Trenton, in its brief, states: "The petition for validation, which includes the resolution providing for the Dade County Water District, the intervention of the City of Trenton, et al., the demurrer of Dade County to the intervention, and the order of the court sustaining the general demurrer, constitute all of the record essential for determination of the issues involved. Plaintiffs in error [City of Trenton] insist that the court erred in sustaining the general demurrer to the intervention and in dismissing the intervention in said cause, for the reason that the City of Trenton has authority to determine

whether it desires to be included within a water district created by the county, or to create its own water district, separate and distinct from that of the county; that the county cannot, without the consent of the city, operate a water system in the city, and cannot issue revenue anticipation certificates for a district, including the territory within the corporate limits of the city, over the objection of the city."

Under the general welfare clause in its charter, the City of Trenton has the same right to issue bonds and construct and maintain a waterworks system as it had prior to the passage of the act of 1937, or, without regard to this charter provision or any special or local law, it could proceed under such act of 1937 to issue anticipation revenue certificates for which only the revenue derived from the waterworks system would be liable for the construction and operation of such waterworks system, and under this proceeding it would not involve the city in any financial obligations. *Miller* v. *Head,* 186 *Ga.* 694, 712 (198 S. E. 680). The act of 1937 likewise gave to Dade County the right to create the Dade County Water District, which included within its territorial boundaries the City of Trenton, and to issue anticipation revenue certificates as provided in such act. If the certificates of both the Dade County Water District and the City of Trenton Water District had been validated and both waterworks systems constructed and operated, the citizens of Trenton would have had available to them the benefits of both.

Under the record here the promise of Dade County to maintain rates sufficient to retire the liability might eventually operate unreasonably on the customers, but it would involve neither the county nor the city in any financial obligations.

The Supreme Court, in answer to the certified question in *Dade County* v. *State of Georgia* (supra), stated: "The sufficiency of the anticipated revenue to be derived from the operation and maintenance of any proposed water system to retire its certificates is an issue of fact peculiar to each proceeding for validation and confirmation, which the judge must determine."

The validation proceedings of the revenue anticipation certificates of Dade County were attacked in the lower court by the intervention only, and there were no allegations in such intervention attacking the sufficiency of the anticipated revenue to be

derived from the operation and maintenance of the waterworks system. Hence, no question is before this court for review as to the sufficiency of the anticipated revenue, to be derived from the operation and maintenance of the county waterworks system, to retire its certificates.

The controlling question for us to determine is raised in the intervention of the City of Trenton and is stated in the brief of the plaintiff in error as follows: "A county does not have authority, under the provisions of the Revenue Certificate Law of 1937, to create a water district embracing therein a municipal corporation, with the intention and purpose of furnishing water facilities to residents of the corporation, without the assent of the corporation, and that certificates to defray the expense of such a system cannot be validated over the objection of a municipal corporation." The plaintiff in error insists that the judge of the superior court erred in overruling such objection by sustaining the general demurrer to the intervention.

In *Dade County* v. *State of Georgia,* supra, the Supreme Court stated: "The conclusion that the General Assembly intended that every municipality in the State should have exactly the same power to do all of the acts authorized thereby is easily reached by even a casual reading of the act. When proceedings are instituted to validate and confirm, the act provides that 'the judge of said superior court shall proceed to hear and determine all the questions of law and of fact in said cause and shall render judgment thereon.' "

The answer of the Supreme Court in the same case also states: "There is nothing contained in the act which expressly or by necessary implication gives that municipality which institutes proceedings first for the validation of its certificates, and the confirmation of the security for the payment thereof, superior rights over another municipality which may file proceedings to validate and confirm the security for its certificates subsequently thereto; and this is true although the two proposed districts may embrace the same area or portions of the same area."

Therefore, the objection to the validation of the revenue anticipation certificates of Dade County raised by the intervention of the City of Trenton and certain of its citizens and taxpayers was properly overruled, and the court did not err in sustaining the

general demurrer to such intervention. No other exceptions were taken in the lower court to the validation of the revenue-anticipation certificates, and the judge did not err in validating such certificates for any reason assigned.

*Judgment affirmed. Felton and Gardner, JJ., concur.*